50 So.2d 882 (1951)
VAN GALLON
v.
STATE.
Supreme Court of Florida, Division A.
February 23, 1951.
Hubbard & Carr, Miami, and Watkins & Cohen, Tallahassee, for appellant.
Richard W. Ervin, Atty. Gen., and Murray Sams, Jr., Asst. Atty. Gen., for appellee.
THOMAS, Justice.
At the trial of appellant, which culminated in a judgment of his guilt of murder in the second degree, the court allowed in evidence the written statement of the state's principal witness, made soon after the fatal shooting, although the witness was then present and testifying. The question arises whether the effect of the ruling was the bolstering of the testimony of the witness, which under the general rule may not be done in this way, or whether such procedure was justified because there was sufficient indication of impeachment by the appellant on the ground that there had been some late fabrication to meet the exigencies of the case.
We recognize the rule that a witness's testimony may not be corroborated by his own prior consistent statement and the exception that such a statement may become relevant if an attempt is made to show a recent fabrication. The exception is based on the theory that once the witness's story is undertaken, by imputation, insinuation, or direct evidence, to be assailed as a recent fabrication, the admission of an earlier consistent statement rebuts the suggestion of improper motive and the challenge of his integrity.
But we have carefully read that part of the record on which the state relies *883 to justify the introduction by the state of the written statement and have not found there a sufficient showing, even of insinuation, to warrant the application of the exception; so we conclude that the rule applied and that the overruling of the defendant's objection to the statement was error.
The remaining question deals with the propriety of permitting the statement to be taken by the jury to their room when they retired to consider the case, but we do not feel obliged to answer it because it is not shown clearly in the record that this was done. The only evidence of it is an affidavit filed as an appendix to appellant's brief. We cannot sanction this method of supplementing a record.
Reversed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.