343 So.2d 4 (1977)
Clarence Robert PURDY, Appellant,
v.
STATE of Florida, Appellee.
No. 47074.
Supreme Court of Florida.
February 3, 1977.
Rehearings Denied March 25, 1977.
James A. Gardner, Public Defender, and Harold H. Moore, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is an appeal from a conviction for involuntary sexual battery of a child under eleven years of age, a capital offense pursuant to Section 794.011(2), Florida Statutes (Supp. 1974). The jury recommended and the trial court imposed the death penalty. We have jurisdiction.[1]
The principal issues concern the appellant's contention that the seven-year-old child's out-of-court declaration made immediately *5 following the assault was inadmissible, and that the death sentence was inappropriate. We find the evidence admissible and the conviction proper, but the sentence should be reduced to life imprisonment since affirmance of this sentence would require an unconstitutional mandatory death sentence for every person convicted of this crime.
The record reflects the witness Roberta Stephens testified that shortly before 8:00 a.m., November 3, 1974, she had begun to enter the front door of the victim's dwelling when she saw the appellant, nicknamed Chico, lying naked on the floor. The victim was standing in the doorway with a dress on and her panties in her hand. Roberta Stephens and her landlord, Levon Smith, examined the child and found she had been the subject of a recent sexual assault. Both asked, following their examinations of the child, what had happened, and she replied on each occasion, "Chico stuck his dick in me."
The victim's mother was located and the sheriff's department was called. The victim and her mother went to the hospital, where she was examined and treated, and appellant was arrested on the scene. There was no other evidence of physical abuse, and the child showed no signs of extreme emotional or psychological distress.
At trial, expert medical testimony established that the victim's age was no more than seven or eight years, and certainly not eleven years. The treating physician concluded from the condition of the tissue in the area, the progression of infections within the vagina and the rectum, and the presence of freshly clotted blood, that she had been similarly assaulted three or four times during the previous week as well as that morning. He also testified that penetration of both the vagina and anus had occurred. A pediatrician who upon the State's request examined the victim said she "probably would not understand taking an oath and giving testimony," and while he thought her capable of telling the truth, he also thought she might not. He responded "yes" to the assertion by defense counsel that she was "no different than another little girl of that same age... ." No other testimony was offered to determine the competency of the victim to testify.
Levon Smith and Roberta Stephens both testified of the victim's declaration at the scene that appellant had been the perpetrator of the act. Two others testified that appellant was at or near the scene at the time of the alleged occurrence. Appellant by his own testimony denied the act, saying he was not naked when found by Roberta Stephens, and he had been in the house only an hour when she arrived. Testimony from other witnesses indicated he had been in the house four to seven hours.
Appellant principally contends that the admission of the victim's out-of-court declaration was improper and was the only evidence that he assaulted the victim. He contends it violates his right to confrontation and cross-examination, and constitutes an improper exception to the hearsay rule, citing Custer v. State, 159 Fla. 574, 34 So.2d 100 (1948).
We disagree. The facts in the Custer case are not similar. It held inadmissible answers by a rape victim's mother to some nineteen questions quoted in the opinion which were put to her at trial. The answers were not merely what the daughter told her but included the mother's own inferences and conclusions. The testimony in Custer went far beyond a simple restatement of the declaration made at or about the time of the crime.
In the instant case there is sufficient physical evidence from which a jury could find that it was appellant who committed the offense: specifically, his nakedness in the room, his proximity to the child, and the actual physical condition of the child. The child's out-of-court declaration refuted any inference questioning the identity of the assailant. Such testimony properly may be admitted for that purpose. Turner v. State, 66 Fla. 404, 63 So. 708 (1913); Thomas v. State and Vinson v. State, 220 So.2d 638 (Fla.3d DCA 1969). We hold it was properly allowed in evidence as an exception to *6 the hearsay rule. See generally Annot., 83 A.L.R.2d 1368 (1962).
The other points raised by the appellant concerning his conviction are without merit.
Our final responsibility under the Florida death sentence law, Section 921.141, Florida Statutes, is to review the death sentence. The trial jury recommended the death sentence upon a ten-to-two vote. The trial court found the aggravating circumstances outweighed those in mitigation, and imposed the death sentence.[2] Under the provisions of Section 921.141, Florida Statutes, aggravating circumstances enumerated in the statute must be found to exist before a death sentence may be imposed. The specified statutory circumstances are exclusive; no others may be used for that purpose. The statute was enacted and subsequently interpreted by this Court[3] and the United States Supreme Court[4] to provide for the constitutional application of the death penalty.
Although the trial judge found the act for which appellant was convicted to be "especially heinous, atrocious or cruel," nothing was shown to distinguish this crime from any other violation of the same statute. The findings and the evidence do not show how this involuntary sexual batter of a child not more than eleven years of age[5] was especially aggravated under the terms of the death sentence law. The possible previous acts against this victim were not charged. The victim was not physically harmed except for what occurred as a result of the sexual assault. Unquestionably, the crime is a heinous offense which may scar a child for life. Nevertheless, to affirm the death penalty in this instance would mean imposition of the death penalty for all individuals convicted of this crime. Recent decisions of the United States Supreme Court have held such practices to be unconstitutional. Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976); Roberts v. Louisiana, 428 U.S. 325, *7 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). We must, under these circumstances, direct his sentence be reduced to life imprisonment.
The conviction of appellant is affirmed, and the cause remanded to the trial court to impose a sentence of life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS (Retired), J., not participating.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] "FINDINGS OF THE COURT

"Pursuant to Fla. Stat. Section 921.141(3)(b) the Court makes these findings of fact relative to the imposition of the Sentence of Death. The Court notes that of the aggravating circumstances designated by the legislature in Section 5 of the above referred to act, only Subsection (h) could be made to apply in this case. This may result from the later enactment of Fla. Stat. Section 794 [794.011] creating the offense of Involuntary Sexual Battery and the punishments designated when a child 11 years or younger is the victim. Notwithstanding what the Court considers as a legislatively created handicap, the Court will attempt to comply with the legislative mandate when the Court concludes the Death Sentence to be an appropriate penalty.
"After careful consideration and review of the evidence presented in both phases of this trial the Court finds that the only applicable aggravating circumstance was proved beyond a reasonable doubt, to-wit:
"(h) The capital felony was especially heinous, atrocious or cruel.
"The evidence presented by lay witness supports the finding that the female child was seven years of age when the Sexual Battery occurred on November 3, 1974. She was in pain and unable to walk in a normal manner; upon examination her vaginal and anal areas revealed evidence of penetration in that there was obviously torn tissues in these areas and there was in addition to blood and body waste in those areas, a white glue like substance, all of which was wiped off with a rag prior to the report to the Sheriff and the medical examination.
"From the corroborative medical testimony the Court finds that penetration of the vagina and anus occurred on November 3, 1974, but because of the noted infection that existed in these parts of her body; penetration may have occurred on prior occassions [sic] within the preceeding [sic] week.
"With respect to the mitigating circumstances the Court finds that of those listed in Fla. Stat. 921.141(6) only Subsection (a) would apply, to-wit:
"(a) The defendant has no significant history of criminal activity.
"It should be noted that the defendant presented no evidence with regard to mitigating circumstances, nor was there any evidence of mitigation presented at the trial.
"The Court is of the opinion and finds that the mitigating circumstance is overcome by the aggravating circumstance and therefore the Court concurs with the Jury and is of the opinion that the death sentence is appropriate." (Emphasis supplied)
[3] State v. Dixon, 283 So.2d 1 (Fla. 1973).
[4] Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
[5] § 794.011(2), Fla. Stat. (Supp. 1974).