357 So.2d 437 (1978)
William J. LAMB, Appellant,
v.
STATE of Florida, Appellee.
No. 76-839.
District Court of Appeal of Florida, Second District.
March 29, 1978.
Rehearing Denied May 4, 1978.
Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
*438 RYDER, Judge.
Appellant Lamb was convicted and sentenced for the crimes of aggravated assault, carrying a concealed firearm, and resisting an officer with violence. He contends that the trial court erred when it permitted, over objection, and during the State's case in chief, an investigating police officer to testify regarding statements the victim made to him which were consistent with the victim's testimony previously received in evidence. We agree and reverse.
After appellant was charged with the aforementioned crimes, he entered a guilty plea to the concealed firearm charge, but pleaded not guilty and proceeded to trial on the two remaining counts. The jury found appellant guilty in both instances. He was adjudicated guilty of all three charges, and was sentenced to a term of three years "under the new mandatory gun law."
During the trial Sandra Davis, appellant's girlfriend and the alleged aggravated assault victim, testified that she, the appellant and others were drinking beer at an apartment. While she and appellant were alone in the kitchen, appellant grabbed her by the neck, placed a gun to her temple, and stated he was going to kill her. Appellant did not harm her and left immediately. Davis then called the police. No eyewitnesses to this event other than Davis were produced.
An Officer Potts, responding to Davis' phone call, later arrived at the apartment whereupon Davis described the events to him. Over objection, Potts was permitted to testify that Davis had stated appellant had pointed a gun at her head, threatened to kill her, and that she was scared. On cross-examination, Davis testified that although she was scared at the time appellant placed the gun at her head, she later felt appellant did not intend to harm her.
We feel error was committed by the allowance of Potts' testimony concerning Davis' prior consistent statement as it violates the rule that a witness's prior consistent statement may not be used to corroborate that witness's trial testimony. In Roti v. State, 334 So.2d 146 (Fla. 2d DCA 1976), the defendant was charged with and convicted of receiving or aiding in the concealment of a stolen diamond ring. At trial a David Blackmer admitted he stole the ring and sold it to Roti. Blackmer also testified he told Roti the ring was stolen. A police officer was permitted to testify, also over objection, as to statements made to him by Blackmer during which Blackmer stated he had advised Roti the ring was stolen. This, of course, was consistent with Blackmer's previous testimony. This court reversed Roti's conviction and ordered a new trial holding that it was error to permit the police officer to testify concerning the prior consistent statement made to him by Blackmer. Roti was followed by this court in Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977). In Brown, the defendant was convicted of committing a lewd and lascivious act in the presence of a child under the age of fourteen. During trial, a police officer testified as to statements made to the victim's mother by the victim concerning various details of the actions of the victim and appellant, which the victim's mother had related to the officer at the police station. The victim's mother then testified as to the same statements. The victim was called as a witness and proceeded to essentially track the recital related by the police officer and her mother. In reversing Brown's conviction and awarding him a new trial, we stated the police officer's testimony "had the immediate effect of putting a cloak of credibility upon the succeeding testimony of the mother and the victim." 344 So.2d at 643.
In the instant case, the State argues that Potts' testimony regarding Davis' prior consistent statement was not error because it served to clear up the ambiguity in Davis' testimony regarding her fear at the time appellant placed a gun at her head. Alternatively, the State urges that Davis' statement to Potts was admissible as part of the res gestae. We find both arguments unpersuasive. First, Davis' testimony was not ambiguous. She testified she was indeed scared when appellant placed the gun at her head but, felt only upon later reflection, *439 that appellant did not intend to harm her. She never testified that she was not scared at the time appellant held a gun to her head. Second, Davis' statement is not admissible as part of the res gestae. This statement was made to the police after they arrived at her apartment in response to her telephone call. By the time the police arrived, the events of the crime had long occurred and terminated. Further in fact, Ms. Davis had time in which to reflect upon her statement.
For the above reasons, appellant is entitled to a new trial on the aggravated assault charge. Appellant pleaded guilty to the offense of carrying a concealed firearm, and the arguments in his brief do not question the validity of appellant's conviction for resisting an officer with violence. Moreover, there is competent substantial evidence in the record to support appellant's conviction for carrying a concealed firearm and resisting an officer with violence.
Turning to the sentencing of appellant, however, we also find error. Appellant was adjudicated guilty of all three charges and sentenced to three years "under the new mandatory gun law." The sentence does not specify the crime to which the mandatory gun law is applicable. Further, the sentence imposed fails to apportion the sentence among the three offenses. See Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975).
The aggravated assault charge is an offense subject to the mandatory three year sentence of Section 775.087(2), Florida Statutes (1975). The offense of carrying a concealed firearm is not subject to the mandatory three year sentence requirement of Section 775.087(2), Florida Statutes (1975), nor is it subject to the enhanced sentencing provision of Section 775.087(1), Florida Statutes (1975), since the use of the firearm is an essential element of the offense of carrying a concealed firearm. Appellant's conviction for resisting an officer with violence is not subject to the mandatory three year sentencing requirement of Section 775.087(2), Florida Statutes (1975), but is subject to the enhanced sentencing provision of Section 775.087(1). The record reflects appellant carried a firearm during the commission of that crime.
In sum, appellant's convictions for carrying a concealed firearm and resisting an officer with violence are affirmed, but these cases are remanded for resentencing in light of Section 775.087, Florida Statutes (1975), and Darden v. State, supra. Appellant's conviction for aggravated assault is reversed and the cause remanded for a new trial.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
OTT, A.C.J., and DANAHY, J., concur.