GLICKSTEIN, Judge,
dissenting.
I would reverse because of harmful evidence that may have counterbalanced the almost even swearing contest between appellant and his alleged victim, Joseph Davis. Conceivably, appellant would have been found not guilty of anything but for the trial court’s admission of the testimony of Joseph Davis’ father, who was allowed to testify over objection to the following harmful hearsay:
Q. And what did you tell the Sheriff’s Department?
A. I told them that my son had told me—
Defense Counsel: Objection, Your Hon- or.
The Court: Objection overruled. This is what he is telling the sheriff.
Prosecutor:
Q. You may continue, Mr. Davis.
A. He said Phil had come over to the house and had asked him to turn the stereo down and which he agreed to do.
And then thereafter he pulled a gun on him and he was really scared. He didn’t know what to do and he wanted to know what I should do and I said I would call the sheriff’s department.
Admission of this testimony was reversible error. The vital issue at trial was who threatened whom. Resolution of that issue rested on the credibility of Joseph Davis and the appellant, whose respective testimony was in direct conflict.
By admitting the hearsay testimony of Joseph Davis’ father, the court violated the rule against a witness’ prior consistent statement being used to corroborate his trial testimony. Van Gallon v. State, 50 So.2d 882 (Fla.1951); Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978); Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977); Roti v. State, 334 So.2d 146 (Fla. 2d DCA 1976).
The statement cannot be classified “non-hearsay” under Section 90.801(2)(b), Florida Statutes (1981)[1] as it was not offered to rebut an express or implied charge against the witness of improper influence, motive, or recent fabrication. Nor can it be viewed as an excited utterance which was part of the res gestae, as the son’s phone call to his father was placed well after the incident had occurred from a different location. Finally, the State’s contention that the statement was not offered for the truth of what was said is wholly unpersuasive.
The error cannot be considered harmless as it clearly could have “tipped the scales” in favor of Joseph Davis’ story and a finding that it was appellant, and not Davis, who committed an assault. In Libertucci v. State, 395 So.2d 1223 (Fla. 3d DCA 1981), inadmissible hearsay was introduced where the case against the defendant was less than strong. Noting that “[t]he weaker the case, the greater the danger that the inadmissible evidence unfairly tipped the scales against the defendant,” the court observed that the hearsay provided an important part of what little evidence there was against the defendant. Id. at 1226 & n. 6.[2]

. (2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication.

. In footnote 7 of that opinion, the court opined that there is no meaningful difference between the "injuriously affects substantial rights” standard and "results in a miscarriage of justice” standard. The first is found in Section 924.33, Florida Statutes (1983), and is applicable to criminal cases only, and the second is Section 59.041, Florida Statutes (1983). The latter, the court implied, may no longer be applicable to a criminal appeal.