576 So.2d 439 (1991)
Bobby Kennedy BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1550.
District Court of Appeal of Florida, Fourth District.
March 27, 1991.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a conviction of aggravated battery. Appellant, Bobby Kennedy Barnes, was charged by information with robbery and aggravated battery. At trial, the extent of his involvement in the incident out of which the charges arose was the subject of conflicting testimony.
A detective who interviewed the victim at the hospital testified over a hearsay objection. The substance of his testimony corroborated that portion of the victim's testimony which implicated appellant. This was clearly error.
A witness's prior consistent statement may not be used to bolster his trial testimony. Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978); Roti v. State, 334 So.2d 146 (Fla. 2d DCA 1976). The rationale prohibiting the use of prior consistent statements is to prevent "putting a cloak of credibility" on the witness's testimony. Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977). When a police officer, who is generally regarded by the jury as disinterested and objective and therefore highly credible is the corroborating witness, the danger of improperly influencing the jury becomes particularly grave.
Perez v. State, 371 So.2d 714, 716-17 (Fla. 2d DCA 1979). Accord Carroll v. State, 497 So.2d 253 (Fla. 3d DCA 1985), rev. denied, 511 So.2d 297 (Fla. 1987).
The state argues that the testimony came in for the purpose of explaining how appellant came to be arrested and therefore there was no error. This is unavailing in light of Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989) (en banc).
We reject the state's attempt to distinguish Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978) (police officer repeated what victim, only witness, told him regarding the assault; testimony inadmissible; reversible error) and Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977) (police officer testified before victim and victim's mother; he testified as to what mother told him victim had told her regarding the crime; reversible error).
Further, we are unable to conclude that the error was harmless under the guidelines set out by our supreme court in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
HERSEY, C.J., POLEN, J., and JAMES H. WALDEN, Senior Judge, concur.