PER CURIAM.
David Scott Penner appeals from his convictions for two counts of manslaughter stemming from a prosecution of charges of manslaughter, vessel homicide, and operating a vessel while intoxicated. The eviden-tiary error he raises concerns the introduction of a police report during the state’s redirect questioning of an emergency medical services technician which he alleges unnecessarily and prejudicially bolstered and highlighted the testimony of that witness at a crucial point in the trial. The police report contained this witness’s statement that the witness overheard the appellant say that it was the appellant who was driving the boat at the time of the fatal accident. We write to address his contention that the report was inadmissible hearsay in violation of section 90.801(2)(b), Florida Statutes (1987). This statute excepts from the proscription of the hearsay rule prior consistent statements of a witness where it is offered to rebut a charge, whether express or implied, of recent fabrication of the testimony of the witness. Van Gallon v. State, 50 So.2d 882 (Fla.1951). After a careful review of the record, we conclude that there is ample evidence to support the ruling of the trial court that there was such a charge of fabrication, implied or direct, during this witness’s cross-examination thus allowing the evidence of the prior consistent testimony of the witness on redirect. Because that is so, we do not disturb the court’s exercise of discretion in its ruling. Kelley v. State, 486 So.2d 578 (Fla.1986).
We affirm the appellant’s convictions and sentence for the two counts of manslaughter.
SCHOONOVER, C.J., DANAHY, J., and JAMES R. CASE, Associate Judge, concur.