632 So.2d 279 (1994)
Michael KENDRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3479.
District Court of Appeal of Florida, Fourth District.
February 23, 1994.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Michael Kendrick appeals his conviction and sentence challenging various evidentiary rulings. The gravamen of appellant's complaint involves several allegedly hearsay statements admitted over objection. The state concedes that some of the testimony constituted hearsay but argues that admission of these statements into evidence was harmless error under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Four of the five statements conceded to be hearsay were introduced through law enforcement witnesses. In each instance the statements served to bolster the testimony of witnesses adverse to appellant. As we said in Barnes v. State, 576 So.2d 439 (Fla. 4th DCA 1991):
A witness's prior consistent statement may not be used to bolster his trial testimony. The rationale prohibiting the use of prior consistent statements is to prevent "putting a cloak of credibility" on the witness's testimony. When a police officer, who is generally regarded by the jury as disinterested and objective and therefore highly credible is the corroborating witness, the danger of improperly influencing the jury becomes particularly grave.
Id. at 439 (citations omitted).
The cumulative effect of the testimony in this case was particularly devastating to appellant's defense. It therefore cannot be said that the errors in admitting the challenged hearsay were harmless.
Accordingly, we reverse and remand for a new trial.
REVERSED AND REMANDED.
POLEN and STEVENSON, JJ., concur.