FARMER, Judge.
In this case we are required to reverse a conviction because of the admission of hearsay testimony of a police officer as to the description of a suspect given to him by the victim of the crime. The effect of this testimony was improperly to buttress the victim’s own inconsistent trial testimony as to his initial description of an intruder.
The victim testified that he was awakened in the early morning hours by a rustling noise from a table in his room. He testified that the light in his bedroom was off and that he was unable to see anyone at that time but that he jumped out of his bed and yelled for the intruder to get out. He then chased the intruder as he fled through the bedroom door into the adjoining kitchen and out onto a landing. A sensor light illuminated as soon as the intruder approached the landing. The victim said he was by then in the kitchen — a distance of approximately eight feet from the landing — and that the sensor fight was directly over the intruder’s head. He said that he had a full view of the intruder’s face from the time that the intruder left the doorway to the time he leaped over a nearby fence.
A police officer arrived about 10-15 minutes after the incident, and the victim gave him a description of the intruder, including race, approximate age and body shape. More specifically, he stated that the intruder *114 was wearing a white ribbed or striped shirt and blue gym pants. Shortly afterwards, the police apprehended a suspect and brought him to the victim’s residence for identification. The victim positively identified the suspect as the intruder. The suspect, of course, turns out to be the defendant.[1]
The victim testified at trial and positively identified the defendant as the intruder. The officer also testified. Over the defendant’s hearsay objection, however, the officer was permitted to testify as to victim’s description of the intruder on the date of the incident. The jury returned a guilty verdict and the trial court sentenced the defendant to 20 years in prison as a habitual violent felony offender. This appeal follows.
Prior consistent statements are generally inadmissible to corroborate or bolster a witness’s trial testimony. Rodriguez v. State, 609 So.2d 493 (Fla.1992), cert. denied, 510 U.S. 830, 114 S.Ct. 99, 126 L.Ed.2d 66 (1993); Jackson v. State, 498 So.2d 906 (FIa.1986). Because prior consistent statements are hearsay, they are inadmissible as substantive evidence unless they fall within the hearsay exception for identification of a person made after perceiving that person. Rodriguez, 609 So.2d at 500. In Rodriguez, the supreme court explained that:
“we take this opportunity to caution trial courts to guard against allowing the jury to hear prior consistent statements which are not properly admissible. Particular care must be taken to avoid such testimony by law enforcement officers. As noted by the district courts:
‘The rationale prohibiting the use of pri- or consistent statements is to prevent ‘putting a cloak of credibility’ on the witness’s testimony. When a police officer, who is generally regarded by the jury as disinterested and objective and therefore highly credible, is the corroborating witness, the danger of improperly influencing the jury becomes particularly grave.’ ”
609 So.2d at 500 [quoting from Carroll v. State, 497 So.2d 253, 256-257 (Fla. 3d DCA 1985), review denied, 511 So.2d 297 (Fla. 1987); and Perez v. State, 371 So.2d 714, 716-17 (Fla. 2d DCA 1979) ].
In Barnes v. State, 576 So.2d 439 (Fla. 4th DCA 1991), we held that the testimony of the detective who interviewed the victim was inadmissible hearsay and harmful error. Although the testimony was relevant to explain how the defendant came to be arrested, the substance of that testimony was used primarily to corroborate the part of the victim’s testimony impheating the defendant. Similarly in Kendrick v. State, 632 So.2d 279 (Fla. 4th DCA 1994), we held that the erroneous admission of an officer’s testimony bolstering the testimony of witnesses adverse to the defendant was reversible error because the jury may have regarded the officer as a disinterested, objective and therefore more credible witness.
Because the officer testified as to the victim’s description of the intruder, his testimony does not fall under the hearsay exception as to an identification of a person made after perceiving that person. See Swafford v. State, 533 So.2d 270 (Fla.1988) cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989) (a police bulletin, taken from a witness’s description of the person he saw, was not an identification); Hendrieth v. State, 483 So.2d 768 (Fla. 1st DCA 1986) (description is not identification). Nor can it be justified as testimony that is admitted to rebut an express or implied charge of improper influence, motive, or recent fabrication, for there was no such contention in this case. See § 90.801(2)(b), Fla. Stat. (1995) (excluding from definition of hearsay prior consistent statement of a witness who testifies at trial and is subject to cross-examination concerning that statement when the statement is offered to “rebut an express or implied charge ... of improper influence, motive, or recent fabrication.”); see also Rodriguez, 609 So.2d at 500 (defense counsel’s references to plea agreements with the state during cross-examination of both of these witnesses were sufficient to create an inference of improper motive to fabricate justified admission of prior consistent statement under hearsay rule).
*115 Although there was evidence in the record tending to indicate that defendant was the intruder, the proof of guilt against him was not so overwhelming that the error can be excused as harmless. The defendant, who lives in the area, was apprehended about 2]é blocks from the scene. One officer testified that he ran his hand over the wall of the victim’s residence and came away with same chalky substance found on the defendant’s hand and shoulder. On the other hand, defendant lived but a few blocks from the victim and testified that he was proceeding elsewhere when he was apprehended. A defense witness also testified that defendant was accustomed to riding his bicycle early in the morning and in the evening. The witness, who resided with defendant, added that the defendant was a house painter and that he had often seen him covered with dust from a construction site or dust that comes off the seawall at the Intracoastal Waterway, where he often went on his bicycle and claimed to be heading when he was apprehended.
The record indicates that the defendant’s clothes were in evidence and that the pants were the kind of greenish pants typically worn by painters, and thus unlike the blue gym pants described initially by the victim. The victim’s trial testimony as to the pants varied, however, from statements he gave to the officer at the time of the incident. As the supreme court noted in Rodriguez, juries often view police officers as disinterested, objective and highly credible. Thus, it is reasonable under the facts of this case to presume that the officer’s testimony did influence the jury in resolving the conflicting evidence. We therefore cannot say beyond a reasonable doubt that the admission of this inadmissible hearsay had no effect on the verdict.
REVERSED FOR NEW TRIAL.
DELL and KLEIN, JJ., concur.

. Defendant was charged with burglary of a dwelling.