FARMER, J.
During a trial on a charge of aggravated battery, the prosecution presented to the jury a tape recording of an interrogation of defendant. The tape included a statement by a police officer that the victim of the battery had told the officer that defendant had threatened her with harm if she went to the police about the matter,
Defense counsel timely objected to the admission of this evidence on the grounds of hearsay, arguing that this inadmissible hearsay “has an effect, especially since the victim isn’t here, to cause the jury to think well maybe she’s not here because she was threatened.” Counsel went on to point out that there is no evidence in the record to support a suggestion of threatened harm to the victim, other than this .hearsay statement. We affirm the conviction.
In Tindall v. State, 645 So.2d 129 (Fla. 4th DCA 1994), where we reversed a conviction because of the admission of prejudicial hearsay, defendant was being prosecuted for aggravated assault with a firearm. The state elicited from a police officer testimony that several unnamed witnesses at the scene of a disturbance had told him that they had seen defendant and that he had a gun. In describing the prejudicial effect of such testimony we said:
“the state argues any error was harmless because the hearsay testimony was cumulative in nature. We disagree. Juries generally regard police officers as disinterested, objective and highly credible, and thus their testimony is particularly capable of improperly influencing the jury. Kendrick v. State, 632 So.2d 279 (Fla. 4th DCA 1994). The intensive examination of the police officer con- *547 eerning the substance of what the unidentified witnesses said so pervaded the trial that we can not conclude beyond a reasonable doubt that the officer’s hearsay testimony did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).”
645 So.2d at 131. The question is whether the admission of this hearsay statement is similarly prejudicial. See § 924.051(3), Fla. Stat. (1997) (judgment may be reversed on appeal only when appellate court determines after review of complete record that prejudicial error occurred and was properly preserved in the trial court).
We cannot say that this inadmissible hearsay “pervaded” the trial. Moreover, there are other aspects of the record strongly suggesting that the hearsay is unlikely to have contributed in any meaningful way to the verdict. For one thing, the jury heard defendant admit that he had struck the victim. It heard him admit that he was holding a plastic tube (or pipe?) when he accosted her about an alleged failure to repay a debt. Moreover his opening statement asked the jury to consider forthcoming evidence that would show that the victim’s injury was an “accident” during their encounter, that defendant had no intent to cause her any harm. Notwithstanding the fact that no witness positively identified defendant as the man they saw accosting the victim with a “black stick” in his hand, we think that defendant has failed to establish a reasonable likelihood that the hearsay statement contributed to the verdict. See § 924.051(l)(a), Fla. Stat. (1997) (as used in statute “prejudicial error” means error in trial court that harmfully affects judgment or sentence).
AFFIRMED.
GUNTHER and POLEN, JJ., concur.