980 So.2d 1087 (2007)
Daniel VENTIMIGLIA, Appellant,
v.
TGI FRIDAYS, INC., a New York corporation, Appellee.
No. 4D06-2001.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
*1088 Matthew D. Bavaro of Personal Injury Trial Group, LLC, Ft. Lauderdale and Dan Cytryn of Cytryn and Santana, P.A., Tamarac, for appellant.
Julie B. Tregerman of Topkin & Schwartz, P.L., Deerfield, for appellee.
KLEIN, J.
This is an appeal from a defense verdict in a slip and fall case. We reverse for a new trial because of several evidence rulings, including the exclusion of testimony about TGIF's negligent method of operation.
The accident occurred when plaintiff, after his meal and in the process of leaving, slipped and fell. The step he slipped on felt wet to him, and one of the people with him testified that she also slipped, but was able to catch herself before falling. She observed a liquid on the step and felt it with her hand.
Plaintiff argues that the court erred in excluding evidence of defendant's negligent mode of operation which involved the use of hard surface floors such as wood and tile, under conditions in which employees trekked grease from the kitchen into the customer areas and there were frequent spills in the customer areas. This theory was explained in Markowitz v. *1089 Helen Homes of Kendall Corp., 826 So.2d 256 (Fla.2002):
In Owens, we quoted with approval from the Arizona Supreme Court in explaining that the "`mode-of-operation' rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." [citation omitted] Thus, the basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition. Under these circumstances, whether the premises owner or operator possessed constructive or actual notice of the specific transitory substance is not at issue.
Id. at 260 (citing Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 328 (Fla. 2001)).
Plaintiff proffered testimony from three TGIF current or former employees at this restaurant indicating the spillage of food and drinks, the trekking of grease from the kitchen, the general slipperiness of the floors, and the fact that employees wore non-slip shoes because of the slippery conditions. Applying the abuse of discretion standard of review used for relevancy, Castillo v. E.I. Du Pont De Nemours & Co., 854 So.2d 1264, 1280 (Fla.2003), we agree with the plaintiff that this testimony was relevant under the mode of operation theory that the court erred in not allowing it, and that the error requires reversal for a new trial.
Another issue involves TGIF's expert, John Pistorino, who gave his opinion that there was nothing dangerous about these stairs. On cross-examination plaintiff brought out that Pistorino had testified for TGIF in other cases, and asked him if he recalled a case about ten years earlier in which a person had been injured as a result of slipping on the same steps. The expert answered plaintiff's counsel as follows:
Q. This is not your first case for Friday's; is that correct?
A. That's correct. I had another one about ten years ago, I think.
Q. The other one ten years ago involved this exact same staircase; is that correct?
A. I am not sure, it could have.
Q. And it involved the exact same store, the Plantation store?
A. I think it was, yes.
Q. And in the case you testified in a courtroom in 1995 you told a jury that that same staircase as it existed 11 years ago was safe; is that correct; sir?
A. Yes, I did. As a matter of fact you are correct.
Q. And there had been no changes that have been in that staircase in the 11 years that you told the jury that that staircase was safe and this woman fell down; is that correct?
A. I am not personally aware of any, no.
* * *
A. And the fact that somebody else was injured on this exact same stair, 11 years before, and you came into the courtroom and you told the jury 11 years ago that this stair was safe, you don't think that any other measure should have been taken to change something about this exact staircase; is that correct?
The problem arose when defense counsel, on redirect, asked Pistorino the following:
Q. This case from 11 years, does the name Angela Alphre ring a bell?
A. Yes.
Q. In that case, the plaintiff had seven Purple Hooters before the accident?

*1090 A. I don't remember.
Q. How long did the jury take?
[Plaintiff's attorney]: Wait. Wait. That's an improper question. That's an improper question. Okay. It is an improper question. You remember what happened 11 years ago irrelevant to this case what the result was.
[Defense counsel]: He brought it up. He wanted to know that. The jury came back in 20 minutes.
Court: I will let you do it.
Q. Do you know the jury came back in less than 20 minutes and they agreed that there was nothing wrong with the steps that day?
A. No sir, I didn't.
First, and most egregious, is that TGIF counsel, Sanford Topkin, personally injected the highly prejudicial fact that it took the jury less than twenty minutes to return a defense verdict. This is a violation of Rule of Professional Conduct 4-3.4(e):
A lawyer shall not knowingly:
* * *
in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
In addition, the results of trials in other cases are of no relevance. Mallory v. Edgar, 128 Fla. 812, 175 So. 863 (1937); Secada v. Weinstein, 563 So.2d 172 (Fla. 3d DCA 1990).
Finally, plaintiff correctly argues that the court erred in allowing into evidence the deposition of an officer who investigated after the accident. In his deposition, the officer testified that one or more persons (who did not testify) told him that plaintiff told them that plaintiff had probably missed a step as he was coming down. The officer did not testify in person at trial.
TGIF contends that the officer's deposition was admissible under rule 1.330(a) because he was an expert or skilled witness, notwithstanding the officer's testimony that he was not an expert in slip and falls.[1] Even if the officer had been an expert, what other people told him they heard plaintiff say was obvious hearsay and inadmissible. Sankar v. State, 928 So.2d 1265 (Fla. 4th DCA 2006); see also Linn v. Fossum, 946 So.2d 1032, 1039 (Fla.2006) (holding that "an expert is not permitted to testify on direct examination that the expert relied on consultations with colleagues or other experts in reaching his or her opinion").
Reversed.
NOTES
[1] TGIF's counsel's cavalier attitude toward the rules is further evidenced by the response in the brief to plaintiff's argument that the deposition of the police officer was not admissible:

The admitted testimony of the police officer, even if it were hearsay, met with the requisite hearsay exceptions under Fla. Stat. 90.802, including but not limited to: spontaneous statement, excited utterance, statement of then existing physical condition, and/or statements for the purpose of medical treatment or diagnosis. Any alleged hearsay was properly considered by the trial court, and met with the requisite exceptions.