287 So.2d 733 (1974)
Margaret Delozier KELLAM and Morley L. Kellam, Appellants,
v.
Hugh Hammon THOMAS and United States Fidelity and Guaranty Company, a Maryland Corporation, Appellees.
No. 72-362.
District Court of Appeal of Florida, Fourth District.
January 11, 1974.
J. Jay Simons and Henry L. Kaye of Simons & Schlesinger, Hollywood, for appellants.
Michael C. Spring and Steven R. Berger of Carey, Dwyer, Austin, Cose & Selwood, Miami, for appellees.
OWEN, Chief Judge.
Plaintiffs in a personal injury action suffered an adverse jury verdict and judgment. The sole point they raise on this appeal is whether the court erred in allowing defendant, whose credibility was attacked by a prior inconsistent statement, to put into evidence over objection his prior consistent statement.
The defendant testified on direct examination that Mrs. Kellam (plaintiff wife) had stopped her car at a railroad crossing because of an approaching switch engine and then, in order to avoid the crossing arm striking her car, she had put the car *734 into reverse causing it to strike the defendant's car which by that time was already stopped to the rear of Mrs. Kellam's car. On cross-examination defendant admitted that he had signed a written statement more than a year after the accident in which he had said that he did not think there was a crossing arm at the crossing. To the extent that such statement could be considered inconsistent with his trial testimony, the defendant's credibility was thereby impeached. On re-direct examination defendant identified a written statement he had signed approximately one month after the accident, which statement was consistent with his trial testimony. This latter statement, placed in evidence over plaintiffs' objection, is the subject of the point on appeal.
In Florida, as well as in most other jurisdictions, the general rule is that a witness's testimony may not be corroborated or bolstered by his own prior consistent statement.[1] However, when an attempt is made to impeach the credibility of the witness, and the basis of the impeachment is such that in fairness to the witness evidence of the prior consistent statement would tend to weaken or destroy the force of the impeaching evidence, an exception to the general rule is generally made.
One such exception is when the attempted impeachment is on the basis of a recent fabrication.[2] See, Van Gallon v. State, Fla. 1951, 50 So.2d 882; Allison v. State, Fla.App. 1964, 162 So.2d 922; Wofford Beach Hotel, Inc. v. Glass, Fla.App. 1964, 170 So.2d 62; Jackman v. State, Fla.App. 1962, 140 So.2d 627.[3] Another exception to the general rule is recognized when the basis of the attempted impeachment is by a showing of bias, interest, corruption or other motive to falsify, and the corroborating consistent statement is shown to have been made at a time prior to the existence of a fact said to indicate bias, interest, corruption or motive to falsify. In such case the prior consistent statement effectively destroys the force of the impeaching evidence.[4] Likewise, an exception to the general rule is justified when the attempted impeachment is on the basis of a prior inconsistent statement (self-contradiction), and there is an issue as to whether the witness did, in fact, utter the self-contradiction. In such case, the prior consistent statement is receivable, not as corroborating the witness's trial testimony, but as corroborating his denial of having uttered the contradictory statement.
But where, as in the case at bar, the credibility of the witness is impeached on the basis of a prior inconsistent statement *735 and there is no issue as to whether the witness has, in fact, uttered the prior self-contradiction, the general rule is applicable and evidence of a prior consistent statement is inadmissible. The rationale is thus explained by Wigmore: "[S]ince the self-contradiction is conceded, it remains as a damaging fact, and is in no sense explained away by the consistent statement. It is just as discrediting, if it was once uttered, even though the other story has been consistently told a score of times."[5] The error here is clear.
We are of the opinion that on this record the error was clearly harmless and does not require a reversal.[6] If the defendant's credibility as a witness was, in fact, impeached in any degree by the supposed inconsistency, the prior consistent statement hardly could be said to have the effect of rehabilitating his credibility. As we have indicated above the value of the impeaching testimony lies not in its testimonial value, but in establishing the existence of the self-contradiction which once shown, is not erased in the least by showing the existence of the prior consistent statement. It is true that normally some prejudicial harm could result should the jury improperly attach testimonial value to the inadmissible statement as substantive evidence tending to prove the fact in issue (i.e., in this case, the existence of crossing arms at the crossing), rather than accepting such evidence merely for the purpose of testing the credibility of the witness. On this record there is no reason to believe that the jury was improperly influenced in that regard because photographs of the accident scene unequivocally established as a fact that the crossing was guarded by crossing arms.
Affirmed.
WALDEN and DOWNEY, JJ., concur.
NOTES
[1] Van Gallon v. State, Fla. 1951, 50 So.2d 882; IV Wigmore on Evidence, Section 1124; 75 A.L.R.2d 918.
[2] Recent fabrication (also called recent contrivance by some writers) should be distinguished from impeachment on the basis of bias, interest, corruption or other motive to falsify. It should also be distinguished from impeachment by prior inconsistent statement (self-contradiction) although it is akin in this respect, as noted by Wigmore: "The charge of recent contrivance is usually made, not so much by affirmative evidence, as by negative evidence that the witness did not speak of the matter before, at a time when it would have been natural to speak; his silence then is urged as inconsistent with his utterances now, i.e., as a self-contradiction... . The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story... ." IV Wigmore, Section 1129.
[3] While the language used in the opinions in both the Wofford Beach Hotel case and the Jackman case is susceptible of the interpretation that a charge of recent fabrication is the only exception to the general rule that is recognized in this jurisdiction, Judge Carroll's opinion for the court in the case of Allison v. State reflects the correct view that attempted impeachment of the witness on the basis of recent fabrication is only one of the several recognized exceptions to the rule.
[4] IV Wigmore, Section 1128.
[5] IV Wigmore, Section 1126.
[6] Section 59.041, F.S.