477 So.2d 6 (1985)
Robert R. BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2556.
District Court of Appeal of Florida, Second District.
September 20, 1985.
Rehearing Denied October 21, 1985.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Robert R. Barnes, appeals his convictions and sentences on two counts of committing a lewd and lascivious act in the presence of a child under the age of fourteen, three counts of handling and fondling a child under the age of fourteen, and one count of sexual battery on a child eleven years of age or younger. We affirm.
*7 Appellant was the resident boyfriend of the victim's mother. Appellant raises issues in regard to alleged error in the admission of two categories of testimony.
The first issue concerns the admission of prior consistent statements of the child victim and of a young woman, Tina Barnes, formerly married to appellant's brother, and who was residing in the same household as appellant, his girlfriend (the victim's mother), and the victim at the time of the alleged offenses. It was Tina Barnes who observed, and later reported, what she considered suspicious activity of appellant with the victim. Because of her reluctance to talk to the family about what she perceived to be a potentially serious problem, she discussed her observations with Duane Burger, a next-door neighbor and friend of the family. It is Burger's testimony concerning Tina Barnes' statements to him that is objected to by appellant as being improper evidence of prior consistent statements. We do not agree.
Mr. Burger testified that Tina Barnes confided her suspicions to him. He then related those suspicions to an aunt and uncle of the victim. They, in turn, related it to others until it reached the victim's maternal grandfather. The grandfather confronted his daughter, the victim's mother and appellant's girlfriend, but failed to reach a solution. The grandfather subsequently discussed the problem with his priest, was referred to his attorney who, in turn, contacted the Department of Health and Rehabilitative Services. It is clear to us that Duane Burger's testimony of Tina Barnes' statements to him was not offered to prove the truth of the matters asserted in her statements, but to prove the fact that the statements were, in fact, made to him. As such, they constituted a relevant circumstance in the manner in which these offenses became known and prosecuted and are not hearsay. § 90.801(1)(c), Fla. Stat. (1983).
We also conclude that the prior consistent statements of the child victim were properly admitted. Her credibility concerning her statements about the offenses was the main basis of appellant's defense. Part of the credibility attack was based upon the alleged influence of others on the victim. Her prior consistent statements were proper under the provisions of section 90.801(2)(b), Florida Statutes (1983).
The second issue appellant raises is in regard to what he categorizes as improper Williams Rule[1] testimony, the sole purpose of which he alleges was to besmirch his character. The testimony complained of consists of questions on cross-examination of appellant concerning alleged sexual advances he made toward Tina Barnes. Appellant denied the alleged sexual advances. Tina Barnes' testimony concerning the alleged sexual advances is also alleged as error. We conclude that the testimony complained of was not Williams Rule evidence, but was properly admitted as impeachment of appellant's testimony on direct examination in his own behalf. Appellant's defense was that his alleged sexual activity and exposure with the victim, if it occurred, came about accidentally. In pursuing this line of defense, his testimony was obviously intended to depict himself as a man so modest that when Tina Barnes would come into a room when he was not fully clothed, he would immediately rush to more properly clothe himself. One portion of his testimony depicted how he would hurry into the bathroom with the victim when Tina Barnes entered the room and he was not completely clothed. When asked whether he recalled the incident, he testified, "Very vaguely, and had it not been Tina, I always get up very abruptly and put clothing on. It doesn't matter who comes to the house." At another point, he was asked the question, "You felt that you had to get up abruptly and put more clothes than you had on, in front of Tina?" His answer was, "Yes, sir, that's just me, yeah."
The testimony appellant complains of was clearly offered in impeachment of the *8 prior testimony of appellant. As such, it was relevant and not solely related to propensity or bad character.
We again take this opportunity, as we did in State v. Rush, 399 So.2d 527 (Fla. 2d DCA 1981), to call upon the Legislature of Florida to consider a change in "Williams Rule" evidence as codified in section 90.404(2), Florida Statutes (1984), as it pertains to child sexual molestation cases. We feel it advisable to consider whether all evidence of other deviate sexual behavior should be admissible in such cases because it may show propensity to commit such crimes.
Affirmed.
GRIMES, A.C.J., and OTT, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959).