546 So.2d 1068 (1989)
Joseph L. WISE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01520.
District Court of Appeal of Florida, Second District.
May 31, 1989.
Rehearing Denied August 1, 1989.
Peter D. Ringsmuth, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Joseph L. Wise, challenges the judgments and sentences imposed upon him after a jury found him guilty of four offenses. We find that the trial court committed reversible error by overruling the appellant's objection to the admission of certain evidence during the course of the appellant's trial and, accordingly, reverse and remand for a new trial.
The appellant was charged by a five count amended information. Count I alleged sexual battery of a person under age twelve in violation of section 794.011, Florida Statutes (1985); count II alleged attempted sexual battery of a person under age twelve in violation of sections 777.04 and 794.011, Florida Statutes (1985); count III alleged a lewd act in the presence of a child in violation of section 800.04, Florida Statutes (1985); count IV alleged the use of a child in a sexual performance in violation of section 827.071, Florida Statutes (1985); and count V alleged child abuse in violation of section 827.04, Florida Statutes (1985).
The alleged victim, C.T., was six years old at the time of trial and was the state's only eyewitness to the events involved in the charges. During the critical time period, the appellant resided with C.T. and her mother, the appellant's girlfriend.
The state's first witness during the appellant's jury trial was C.T.'s eleven year old aunt. Although the prosecutor questioned the aunt about certain events which led to the discovery of C.T.'s allegations, the aunt was not asked to disclose the contents of a conversation she had with C.T. or the contents of a subsequent conversation she had with C.T.'s mother. Defense counsel did not cross-examine the aunt concerning these conversations.
*1069 The state's second witness was C.T.'s mother. During direct examination, the prosecutor asked the mother, "[W]hat exactly did [C.T.] tell you as best as you can recall right now?" The defense objected on the ground that the question called for hearsay. The trial court overruled the objection, and the mother then related the contents of her conversation with C.T. The testimony consisted of statements made by C.T. concerning what the appellant did to her and what the appellant required her to do to him. Defense counsel did not cross-examine C.T.'s mother regarding this testimony.
C.T. was the state's next witness, and her responses to the prosecutor's direct examination were in agreement with her mother's previous testimony. On cross-examination by defense counsel, however, many of C.T.'s responses were inconsistent with her previous responses on direct examination. Defense counsel also attempted to impeach C.T.'s credibility by her prior inconsistent statements. See §§ 90.614(2), 90.801(2)(a), Fla. Stat. (1985).
After the state completed its case-in-chief, the trial court granted the appellant's motion for judgment of acquittal on count IV of the amended information.
The appellant then presented his defense to the remaining charges. One of several defense witnesses was the doctor who examined C.T. as part of the state's initial investigation of her claims of sexual abuse. In addition to conducting a physical examination which revealed no evidence of trauma or traumatic disruption to C.T.'s vagina, external genitalia, or anus, the doctor asked C.T. what had happened to her. After listening to C.T.'s narrative explanation, the doctor concluded that her manner of describing what had happened was not consistent with her having been sexually or physically abused. The appellant also testified, and his testimony was inconsistent with C.T.'s version of what had occurred.
The jury found the appellant guilty of sexual battery of a person under age twelve, attempted sexual battery of a person under age twelve, committing a lewd act in the presence of a child, and child abuse. The trial court subsequently adjudicated the appellant guilty of these offenses and sentenced him to serve concurrent prison terms of life, five years, five years and sixty days, respectively. This appeal was timely filed.
We agree with the appellant's first contention that the trial court committed reversible error by allowing the state to present the mother's testimony regarding C.T.'s out-of-court statements. Since the appellant's remaining contentions either lack merit or have been rendered moot by our disposition of this point, we decline to address them.
As a general rule, a witness's trial testimony cannot be corroborated by his own prior consistent statements. See Jackson v. State, 498 So.2d 906, 909 (Fla. 1986). Although this rule is not without exceptions, we find that none of those exceptions apply to the circumstances of this case and that, therefore, the general rule against prior consistent statements was violated.
An out-of-court statement is not hearsay if the declarant testifies at trial and is subject to cross-examination concerning the statement and the statement is consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication. § 90.801(2)(b), Fla. Stat. (1985). However, in order to properly rebut a showing of improper influence, motive, or recent fabrication under section 90.801(2)(b), the witness's prior consistent statement must have been before the existence of the fact said to indicate his reason to give false testimony at trial. See, e.g., Jackson at 910; Preston v. State, 470 So.2d 836 (Fla. 2d DCA 1985); Quiles v. State, 523 So.2d 1261 (Fla. 2d DCA 1988); Kellam v. Thomas, 287 So.2d 733 (Fla. 4th DCA 1974). Furthermore, as this court has previously noted, section 90.801(2)(b) contemplates an initial attempt on cross-examination to show improper influence, motive, or recent fabrication, and only after such an attempt can evidence of the witness's prior consistent statement be introduced. See Bianchi v. State, 528 So.2d 1309 (Fla. 2d DCA 1988). In this case, *1070 C.T.'s prior consistent statements were erroneously presented before defense counsel presented any evidence from which the jury could infer that the appellant was contending that C.T. was improperly influenced, had a motive to falsely accuse the appellant, or had recently fabricated any part of her expected testimony.
Defense counsel's opening statement clearly indicated that he intended to attack C.T.'s credibility. This by itself, however, was not a sufficient predicate to allow C.T.'s mother to disclose the contents of C.T.'s prior consistent statements because the credibility of witnesses is in issue at any trial. The testimony in question would have been admissible if the appellant had attempted to show that C.T. made a prior inconsistent statement and an issue subsequently arose as to whether she did, in fact, utter the prior inconsistent statement. Under such circumstances, a prior consistent statement would be admissible, not to corroborate the witness's trial testimony but, rather, to corroborate that witness's denial of having uttered the prior inconsistent statement. Kellam. In this case, C.T.'s prior consistent statements were presented at a point in the trial when there was no evidence of her prior inconsistent statements or that she denied making such statements. The state presented C.T.'s out-of-court statements through the mother's testimony before defense counsel even had an opportunity to cross-examine C.T. or impeach her credibility. The general rule against prior consistent statements was, therefore, applicable. Kellam.
Based upon this court's decision in Barnes v. State, 477 So.2d 6 (Fla. 2d DCA 1985), review denied, 484 So.2d 7 (Fla. 1986), the state argues that the mother's testimony about C.T.'s out-of-court statements was not hearsay because it was not offered to prove the truth of the matter asserted, but offered to prove the fact that the statement was made and as such constituted a relevant circumstance of the manner in which the offense became known and prosecuted. The state's reliance on Barnes is misplaced. Unlike the facts here, in Barnes the child victim's prior consistent statements were presented to rebut allegations of improper influence by others. Accord Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986). In addition to determining that the child victim's prior consistent statements were admissible in Barnes, this court held that another witness's prior consistent statements were not inadmissible hearsay because "they constituted a relevant circumstance in the manner in which [the] offenses became known and prosecuted...." Here, however, the manner in which the alleged offenses were discovered was not in dispute. Defense counsel did not even cross-examine C.T.'s aunt or mother regarding the events which led them to learn of C.T.'s allegations. We agree that an out-of-court statement is not hearsay if it has been offered for a purpose other than proving the truth of its contents. See § 90.801(1)(c), Fla. Stat. (1985). A nonhearsay statement, however, is admissible only when it tends to prove or disprove a material fact. See § 90.401, Fla. Stat. (1985). See also, Ehrhardt, Florida Evidence § 801.2 (2d Ed. 1984). In this case, the manner in which the appellant's alleged acts were discovered was not disputed or relevant to establishing any of the charges. Even if such circumstances were relevant to proving the appellant's guilt, they could have been established without presenting the contents of the conversation in question. Cf. Bauer v. State, 528 So.2d 6, 7 (Fla. 2d DCA), cause dismissed, 531 So.2d 1355 (Fla. 1988) (although law enforcement officer may testify about action taken pursuant to information supplied by confidential informant, testimony regarding contents of such information is hearsay).
We, therefore, conclude that under the facts of this case the trial court erred in permitting the state to present the alleged victim's prior consistent statements. The mother's testimony disclosing the contents of C.T.'s out-of-court statements was inadmissible because it only served the impermissible purpose of placing a "cloak of credibility" upon the testimony of C.T. which was to follow. See Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977). As in Brown, C.T.'s mother was allowed to testify *1071 what her daughter told her happened and to relate the details as to her daughter's actions and those of the appellant. As in Brown, the net effect of the mother's testimony was to bolster and lend credence to the daughter's subsequent testimony.
Since the state has failed to satisfy its burden of demonstrating beyond a reasonable doubt that the inadmissible testimony did not contribute to the jury's verdict, we find that the error was not harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). See also, Quiles; Bianchi. We, accordingly, reverse the appellant's convictions and remand for a new trial.
Reversed and remanded.
FRANK and THREADGILL, JJ., concur.