730 So.2d 757 (1999)
Willie ISAAC, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02955
District Court of Appeal of Florida, Second District.
March 17, 1999.
James Marion Moorman, Public Defender, and Frank L. Winstead, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Willie Isaac challenges his conviction and sentence for possession of cocaine. We agree with his argument that the evidence of his guilt was insufficient.
*758 Clearwater Police Department Officers Donnelly and Stonelake were responding to another call when they happened upon Isaac and another man, standing no more than a foot apart, passing an object between them. From the officers' vantage point, they could not discern the nature of the object. When the men noticed that they were being observed, one of them dropped a plastic baggie to the ground, and the two began walking away. The officers did not see which man dropped the baggie. Based on his experience, Officer Stonelake identified the substance in the baggie as crack cocaine. He remained to secure the contraband while Officer Donnelly gave chase and apprehended Isaac. A search incident to arrest revealed no money or other contraband on Isaac's person.
At trial, the State proved the foregoing facts. Isaac's attorney moved for a judgment of acquittal, arguing that the State had not shown that Isaac constructively possessed the cocaine. The trial court denied the motion, and thereafter the jury found Isaac guilty of possession of cocaine.
Because the State could not establish that Isaac had actual possession of the baggie, it was obliged to prove that he possessed it constructively. See Lewis v. State, 570 So.2d 346, 348 (Fla. 2d DCA 1990). To do so, the State was required to show that Isaac had dominion and control over the cocaine, was aware of its presence, and knew of its illicit nature. See Green v. State, 667 So.2d 208, 211 (Fla. 2d DCA 1995); see also E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996).
Mere proximity to contraband is not enough to establish dominion and control. See State v. Snyder, 635 So.2d 1057, 1058 (Fla. 2d DCA 1994). Rather, to prove dominion and control the evidence must establish the defendant's conscious and substantial possession, as distinguished from mere involuntary or superficial possession, of the contraband. See Chicone v. State, 684 So.2d 736, 738 (Fla.1996).
Whether a defendant had dominion and control over contraband is generally a fact issue for the jury, but a judgment of acquittal is proper when there is no evidence from which dominion and control can be inferred. See Campbell v. State, 577 So.2d 932, 935 (Fla.1991). In State v. Law, 559 So.2d 187 (Fla.1989), the supreme court described the trial court's task when considering a motion for judgment of acquittal in a circumstantial evidence case:
[I]t is for the court to determine, as a threshold matter, whether the state has been able to produce competent, substantial evidence to contradict the defendant's story. If the state fails in this initial burden, then it is the court's duty to grant a judgment of acquittal to the defendant as to the charged offense.... Otherwise, there would be no function or role for the courts in reviewing circumstantial evidence, as was stated so well in Davis v. State, 436 So.2d [196 (Fla. 4th DCA 1983)], 200: "If we were to follow the state's logic, a trial judge could never ... grant a motion for judgment of acquittal pursuant to Florida Rule of Criminal Procedure 3.380 when the evidence [is] circumstantial. Instead, every case would have to go to the jury."
559 So.2d at 189 (quoting Fowler v. State, 492 So.2d 1344, 1347 (Fla. 1st DCA 1986)). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." 559 So.2d at 188.
Here, the State did not meet its burden of excluding every reasonable hypothesis of innocence. To be sure, the circumstances suggested that one or both men possessed the cocaine. At the same time, however, those circumstances did not exclude the reasonable hypotheses that the men found the baggie at that spot and were simply examining it when the policemen happened by, or that the other fellow brought the cocaine there and was showing it to Isaac. Therefore, we reverse Isaac's conviction and direct the circuit court to discharge him.
PATTERSON, A.C.J., and SALCINES, J., Concur.