NESBITT, Senior Judge.
A petition of delinquency was filed against juvenile O.L.M. for possession of cocaine. Following a hearing, the trial court adjudicated O.L.M. guilty and committed him to the Department of Juvenile Justice. We reverse.
The evidence at trial was that an officer driving past a storefront known as a “drug hangout” had observed the juvenile reaching into the railing part of a dumpster adjacent to the storefront. One of the juvenile’s hands was balled up with something in it the size of his fist. It was daylight and the officer was approximately twenty-five feet from the juvenile. The officer made a U-turn to investigate, taking about thirty seconds to make the turn. The officer went to the site and discovered a brown bag containing two smaller plastic bags of cocaine behind the railing. The juvenile argued that he was just standing at the site. The trial court denied the juvenile’s motion for judgment of acquittal, concluding there was no reasonable hypothesis of innocence. Finding the state met its burden with circumstantial evidence, the court found the juvenile guilty of constructive possession of cocaine with intent to sell.
As the Second District observed in Davis v. State, 761 So.2d 1154, 1157-58 (Fla. 2d DCA 2000):
The failure of circumstantial evidence to prove actual possession was recently demonstrated by this court in Isaac v. State, 730 So.2d 757 (Fla. 2d DCA 1999). There the defendant and another man were standing no more than a foot apart as they were observed by police officers. The two were passing an object between them that proved to be a bag of crack cocaine. One of the men dropped the baggie to the ground and the two began walking away. The police did not see which man dropped the baggie, but both men were searched, and neither the defendant nor the other man had either money or contraband on his person. This court observed:
To be sure, the circumstances suggested that one or both men possessed cocaine. At the same time, however, those circumstances did not exclude the reasonable hypotheses that the men found the baggie at that spot and were simply examining it when the policemen happened by, or that the other fellow brought the cocaine there and was showing it to Isaac. Therefore, we reverse Isaac’s conviction and direct the circuit court to discharge him.
See also Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988).
As Judge Griffin observed in Ball v. State, 758 So.2d 1239, 1241 (Fla. 5th DCA 2000):
Where constructive possession is nonexclusive, knowledge of the presence of the contraband and the ability to control it cannot be inferred, but must be established by “independent proof.” Chicone v. State, 684 So.2d 736 (Fla.1996); Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); T.W. v. *619 State, 666 So.2d 1001 (Fla. 5th DCA 1996); E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996). It is frequently said that “[s]uch proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises.” Murphy v. State, 511 So.2d 397, 399 (Fla. 4th DCA 1987). (Footnote omitted.)
Following the analysis in Ball, Davis and Isaac, several reasonable hypotheses of innocence, including the hypothesis that O.L.M. found the bag at that spot and was simply examining it when the police spotted him, mandate our reversal of the order under review.