NORTHCUTT, Judge.
We reverse Elijah Moore’s convictions and sentences for attempted arson of a dwelling and possession of a fire bomb because the evidence was insufficient to sustain them.
Early one evening in August 1998, Moore visited the home of his employer, James Woods, to discuss his pay. About an hour and a half after Moore left, Woods observed a fire in the vicinity of his driveway. He went to his front door and saw Moore holding a bottle, bent over as if he were trying to do something to it. Woods asked Moore what he was doing and declared that he was going to call the police. At this, Moore threw the bottle toward the door and ran away. Woods telephoned the police while' his wife used a garden hose to put out the fire, which was burning in a rock garden adjacent to the driveway.
*72 Moore was charged with attempted arson of a dwelling and with possession, manufacture, transport or disposal of a fire bomb. The evidence at trial reflected that the bottle Moore threw toward the house was stuffed with cloth rags. But it bore no signs of having been ignited, and the forensic chemist who tested it for the State was unable to detect any flammable substance.
Turning first to the attempted arson of a dwelling charge, section 806.01(l)(a), Florida Statutes (1997), provides that any person who “willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged [ ] any dwelling, whether occupied or not, or its contents” is guilty of arson in the first degree, a first degree felony. Arsons of any structure where persons are normally present or of any other structure that the perpetrator knows or has reasonable grounds to believe is occupied by a human being also are classified as first degree arsons. § 806.01(l)(b) and (c), Fla. Stat. (1997). Arson of any other structure is second degree arson, a second degree felony. § 806.01(2), Fla. Stat. (1997). The statute defines “structure” as “any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.” § 806.01(8), Fla. Stat. (1997).
An “attempt” to commit an offense occurs when the perpetrator “does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereoff.]” § 777.04(1), Fla. Stat. (1997). An attempt to commit a first degree felony is a second degree felony. § 777.04(4)(c), Fla. Stat. (1997).
The information against Moore charged him specifically with attempting to commit an arson of “a certain dwelling house, or its contents ... contrary to Chapter 806.01(l)(a)/777.04, Florida Statutes.” Thus, to prove the charge the State was required to show that Moore was interrupted while intentionally trying to burn Woods’s house. It failed to do so. The State showed that Moore threw an unlit bottle containing rags toward the front door of the house. But this circumstance did not prove that Moore had ever intended or attempted to burn the house; it was just as consistent with the possibility that Moore was interrupted while engaged in some other iniquity-even, perhaps, attempting to burn an unoccupied “structure” such as the rock garden-and simply threw the bottle to facilitate his escape. As such, the circumstantial evidence was insufficient to sustain Moore’s conviction for attempted arson of a dwelling. Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999).
Neither did the evidence prove Moore guilty of the fire bomb charge. Section 806.111, Florida Statutes (1997), makes it illegal to possess, manufacture, transport or dispose of a fire bomb, defined as “a container containing flammable or combustible liquid, or any incendiary chemical mixture or compound having a wick or similar device capable of being ignited or other means capable of causing ignitionf.]” Here, the evidence showed that Moore possessed a container with a wick or similar device, but there was no proof that it contained a flammable or combustible liquid.
Reversed and remanded with instructions to discharge Moore from these two charges.
PATTERSON, C.J., and SALCINES, J., concur.