782 So.2d 550 (2001)
Johnny L. STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1991.
District Court of Appeal of Florida, Fifth District.
April 20, 2001.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Johnny L. Stevens, was tried and convicted of possession of cocaine. He raises three issues on appeal: (1) denial of his pretrial motion to suppress; (2) failure of the state to show possession; and (3) failure of the state to *551 prove knowledge of the substance in question.
The facts are not in dispute. Two police officers on patrol in a "high crime area" saw two men, Stevens and Berry, run from between two houses and then, seeing the officers, attempt to conceal themselves behind a small tree. The men began passing back and forth between them a tan cylindrical object "like a hot potato," then dropped it to the ground. The officers approached the men and, when Stevens placed his hands in his pants, both men were ordered to show their hands and get on the ground, which they did. Backup units arrived, and Stevens and Berry were handcuffed and patted down for weapons. The officers then went back to the small tree and retrieved the cylindrical object, a plastic cigar tube, which contained several pieces of crack cocaine.
Stevens's first argument on appeal is that the evidence (i.e., the cocaine) should have been suppressed because his initial arrest was made without probable cause, the Terry stop[1] escalating into an arrest once he was forced to lie down and was handcuffed. Citing to Ames v. State, 739 So.2d 699 (Fla. 1st DCA 1999), Stevens argues: "Because the arrest in this case was unlawful since there was no probable cause, the evidence discovered as a result of the arrest should have been suppressed."
The answer to this argument is simple. Based on Stevens's own recitation of the facts, it was not his arrest, even assuming arguendo that it was illegal, that produced the evidence. The evidence was obtained by the officers as a result of its abandonment in a public area by Stevens and Berry. See California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Perez v. State, 620 So.2d 1256 (Fla. 1993). Moreover, this appellate argument was waived by the failure of the defense to object to the introduction of the cocaine into evidence at trial. See Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).
Stevens's second argument is that the state failed to show that he was in possession of the cocaine. He asserts that the case of Isaac v. State, 730 So.2d 757 (Fla. 2d DCA 1999) is directly on point. In the Isaac case, which the state concedes is very similar to the instant case, the police happened upon Isaac and another man while responding to another call. They observed Isaac and the man standing no more than a foot apart, passing an object between them. The officers could not discern the nature of the object. When the men noticed that they were being observed, one of them dropped a plastic baggie to the ground, and the two men began walking away. The officers did not see which man dropped the baggie. The officers investigated and determined that the baggie contained crack cocaine. Isaac was apprehended, and a search of his person incident to arrest revealed no money or other contraband. The Second District Court of Appeal reversed Isaac's conviction for possession of cocaine on the basis that the state had not met its burden of excluding every reasonable hypothesis of innocence. For example, said the court, the state failed to exclude the reasonable hypothesis that the men found the baggie at the spot and were simply examining it when the policemen happened by, or that the other man brought the cocaine to the scene and was showing it to Isaac.
In asserting that the facts in the instant case are distinguishable from those of Isaac, the state argues as follows:

*552 In the instant case, Appellant and Berry's exchange of the cocaine back and forth did not begin until after they had spotted the deputies, and they attempted to conceal their exchanges from the deputies' view by going behind a tree. And while the officers in Isaac did not know which defendant had the baggie when it was dropped, Deputy Hernandez testified in the instant case that both defendants were in possession of the cigar tube at the time it was dropped. Additionally, unlike the defendant in Isaac, Appellant had a large amount of cash on his person at the time of his arrest, organized by denomination, which the experienced deputies testified was characteristic of drug dealers.
Moreover, it was not possible that the two defendants in the instant case had found the cigar tube as they were passing by, because the deputies had been watching them from the moment they had emerged running from between two houses, and there was no evidence they ever bent over to pick up anything. In sum, the circumstances in the instant case did indeed exclude any reasonable hypothesis of innocence, and the evidence was sufficient to show that Appellant possessed the cocaine.
We agree with the state. See Ball v. State, 758 So.2d 1239 (Fla. 5th DCA 2000).
Stevens' third contention is that the state failed to prove that he had knowledge that the substance in the cigar tube was cocaine. In support of this argument he cites to Chicone v. State, 684 So.2d 736 (Fla.1996). In that case the Florida Supreme Court held that scienter, or guilty knowledge, is an inherent component of the crime of possession of cocaine and must be proven by the state, although such scienter need not be explicitly alleged. Stevens contends that the requisite proof was lacking at trial in this case.
The state's response to this argument is that it adduced evidence at trial that: (1) both officers observed Stevens with actual, albeit joint, possession of the cigar tube containing the cocaine; (2) Stevens ran behind a tree to conceal himself from the police; (3) he tried to dispose of the cigar tube by handing it to Berry, then walked away from it when he perceived he could not hide himself or the cigar tube from the police; and (4) a large amount of cash was found on his person, organized by denomination in characteristic drug-dealer fashion.
We believe that the circumstantial evidence of scienter was sufficient to warrant submission of this issue, with proper instructions (a matter not in dispute) to the jury.
AFFIRMED.
HARRIS and PALMER, JJ., concur.
NOTES
[1] See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).