PER CURIAM.
Respondent J.W.V. appeals from an adjudication of delinquency for possession of marijuana. Based upon a record that is devoid of any evidence that respondent possessed marijuana, we reverse.
At approximately 9:30 p.m. on March 9, 2000, from a distance of more than one-half a block and under less than ideal lighting conditions, the two arresting officers observed several individuals, including the respondent, standing by a car and smoking a shared cigarette. From their location, the officers could not smell any smoke from the cigarette. Only when the individuals had stopped smoking and had entered the car did the officers approach them. The officers did not recover the cigarette that they had seen respondent discard outside the car. No marijuana was found in the area where he had been standing; no marijuana was found on his person. Two marijuana butts were found in the car’s ashtray and one on the floor of the car where J.R., the co-respondent, had thrown it.
At the adjudicatory hearing, Detective Cruz, who was one of the arresting officers, testified that there are many ways of holding a cigarette, and that “from my vehicle, from my vantage point, it’s obvious I can’t tell it’s marijuana. It could have been a cigarette.” The other arresting officer admitted that he could not say for certain that the item respondent smoked while standing outside the car “wasn’t a Newport cigarette or a Kool cigarette.” However, both officers testified that they speculated that the cigarette was marijuana based upon the way the individuals were holding it and sharing it.
Because the circumstances did not exclude the reasonable hypothesis that respondent was smoking a tobacco cigarette with his companions, the adjudication of delinquency cannot stand. “Where constructive possession is nonexclusive, knowledge of the presence of the contraband and the ability to control it cannot be inferred, but must be established by independent proof.” O.L.M. v. State, 767 So.2d 617, 618 (Fla. 3d DCA 2000)(quoting Ball v. State, 758 So.2d 1239 (Fla. 5th DCA 2000)). Even under circumstances where drugs are found on premises in joint possession, it must be established by proof, not inference, that the accused had knowledge of the presence of the drug and the ability to maintain control over it or reduce it to his personal dominion. See Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975).
The cases cited by the dissent stand for the proposition that the State need not introduce the contraband itself to prove possession; “other evidence” of possession may suffice. See Newsome v. State, 543 So.2d 465, 467 (Fla. 2d DCA 1989). In this case, however, there was no such “other evidence” of either actual or constructive possession. No drugs were found on respondent or in the outside area where he had been standing and smoking.
REVERSED.
JORGENSON and GERSTEN, JJ., concur.