908 So.2d 1185 (2005)
Reginald L. POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3369.
District Court of Appeal of Florida, Second District.
August 26, 2005.
James Marion Moorman, Public Defender, and Craig J. Trocino, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Reginald Powell challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure *1186 3.850. We reverse and remand for an evidentiary hearing on ground one. In all other respects, we affirm the denial of the motion.
Powell was indicted for first-degree murder in the shooting death of Allen Tori Jones, which occurred in St. Petersburg. Powell was found guilty after a jury trial and his conviction was affirmed on appeal. In his rule 3.850 motion, Powell argued in ground one that his counsel rendered ineffective assistance in failing to object to a prejudicial double-hearsay statement elicited from Powell's mother, who was called as a State witness and asked how she found out about the shooting. Powell's argument arises from the following exchange that took place at trial:
Q. [The Prosecutor] Okay. And how was it you found out about [the shooting]?
A. [Ms. Powell] Somebody that knowsthat knows us had heard that I was Reggie's mother, and they found out where I lived at, and they came. She came and told me. It was a lady.
Q. She told you what?
A. That she had heard that my son was involved in a shooting, and the guy got killed, and people were saying that he was the one who did it.
Q. Okay.
A. So it was just letting me know that I should know, letting me know.
Q. So this was a ladydo you remember this lady's name?
A. I don't know her.
Q. But did you know her from the past?
A. No, I didn't know her.
Q. All right. You never met her before that day?
A. Huh-uh.
Ms. Powell testified that after the conversation with the unknown woman, she went to see her son. She told Powell that she had heard he was involved in a shooting and that he should go to the police and explain his side of it. Powell told his mother that he would go to the police but that he was not yet ready and that he was not going with her. Powell left St. Petersburg after the shooting and went to Miami, where he was arrested.
The prosecutor questioned Powell's mother about Powell going to Miami, and the following exchange occurred:
Q. [The Prosecutor] Did you know he was going to Miami?
A. [Ms. Powell] No.
Q. Did he ever live in Miami?
A. No.
Q. Does he have relatives in Miami?
A. No.
Q. Okay. Do you have any idea why he went to Miami?
A. No.
Powell argues on appeal that the trial court erred in summarily denying ground one because his counsel's failure to object to his mother's testimony brought to the jury's attention the fact that unnamed people in the community were saying that Powell had done the shooting. Below, the State responded to this claim by arguing that the testimony was not hearsay because it was relevant to prove a material fact and not admitted to prove the truth of the matter asserted. The State argued that because evidence of flight is admissible to show consciousness of guilt, the testimony of Ms. Powell was relevant and admissible to set the groundwork for showing that Powell refused to turn himself in, even for his own mother, and that he proceeded to flee to Miami where he had no family and no contacts. The trial court justified its summary denial of the *1187 claim on the ground that Ms. Powell's statement was not hearsay because it was not admitted to prove the truth of the matter asserted, but was admitted to show Powell's flight.
We first note that Powell's claim is governed by the two-prong Strickland v. Washington[1] standard for analyzing claims of ineffective assistance of counsel. By finding that the challenged testimony was admissible, the trial court implicitly found that Powell had failed to satisfy his burden of alleging a prima facie case of deficient performance. Because we conclude that a proper objection to Ms. Powell's testimony should have been sustained, we reverse the summary denial of this claim and remand for further consideration.
"Except as provided by statute, hearsay evidence is inadmissible." § 90.802, Fla. Stat. (2001). Statements that constitute hearsay within hearsay are inadmissible unless both statements conform to a hearsay exception. See § 90.805; Smith v. State, 880 So.2d 730, 741 (Fla. 2d DCA 2004). An out-of-court statement is not hearsay if it has been offered for a purpose other than proving the truth of its contents. See § 90.801(1)(c). "A nonhearsay statement, however, is admissible only when it tends to prove or disprove a material fact." Wise v. State, 546 So.2d 1068, 1070 (Fla. 2d DCA 1989); see § 90.401. Evidence of flight is relevant to infer consciousness of guilt where there is a sufficient nexus between flight and the crime with which a defendant is charged. Escobar v. State, 699 So.2d 988, 995 (Fla.1997), abrogated on other grounds by Connor v. State, 803 So.2d 598 (Fla.2001). Relevant evidence, however, is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403.
Here, the purported relevance of Ms. Powell's visitor's statement implicating Powell in the shooting is not to show Powell's flight directly, but to establish or explain Powell's reason for fleeing to Miami. Even assuming that Ms. Powell's testimony can be justified as relating to the foundation for flight, the relevance of this justification is too remote from the legal and factual issues raised in the case to justify the prejudice inherent in the testimony. We liken this to cases which hold that accusatory information which is relevant only to show a logical sequence of events is inadmissible. For example, in Wilding v. State, 674 So.2d 114, 119 (Fla.1996), receded from on other grounds in Devoney v. State, 717 So.2d 501 (Fla.1998), the court stated:
Even if the testimony was offered simply to show the logical sequence of events regarding the murder investigation, its probative value clearly was outweighed by its prejudicial effect. As a general rule, the investigation leading to the defendant's arrest is not at issue in a criminal trial. Placing information before the jury that a non-testifying witness gave police reliable information implicating the defendant in the very crime charged clearly could affect the verdict.
See also Keen v. State, 775 So.2d 263 (Fla.2000) (following Wilding); Conley v. State, 620 So.2d 180, 183 (Fla.1993) ("[T]he inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information to establish the logical sequence of events outweighs the probative value of such evidence. Such practice must be avoided.").
In State v. Baird, 572 So.2d 904, 908 (Fla.1990), the court stated:
[W]hen the only purpose for admitting testimony relating accusatory information *1188 received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a "tip" or "information received," without going into the details of the accusatory information.
See also Hurst v. State, 842 So.2d 1041, 1042-44 (Fla. 4th DCA 2003) (holding that it was reversible error to admit testimony of officer that confidential informant advised that defendant was selling cocaine at a certain location to explain officer's subsequent actions).
Here, the statement of Ms. Powell's unidentified visitor was used by the State to explain Ms. Powell's later conversation with her son, after which Powell left for Miami. The information imparted to the jury by Ms. Powell effectively placed Powell in the commission of the very crime for which he stood trial. Accordingly, we reject the trial court's conclusion that Ms. Powell's testimony was admissible and an objection would have been unavailing. Because the trial court did not conclusively refute the allegation of ineffective assistance in its order denying this claim, we reverse the summary denial and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
WALLACE and LaROSE, JJ., Concur.
NOTES
[1] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).