950 So.2d 1270 (2007)
Tony PERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2766.
District Court of Appeal of Florida, Second District.
March 21, 2007.
*1271 James Marion Moorman, Public Defender, and Gary H. Bass, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Tony Person appeals from his conviction for trafficking in cocaine. We reverse. The trial court erred in denying Person's motion for judgment of acquittal because the State presented no independent proof of Person's control over the cocaine in question.
Person and three codefendants were charged with one count of trafficking in cocaine by possession pursuant to sections 893.135(1)(b) and 777.011, Florida Statutes (2003). After a police officer conducted surveillance on one side of a duplex and noted the comings and goings of forty to fifty people over the course of an hour or *1272 so, a SWAT team served a search warrant via the front door of the residence using loud distraction devices. The twelve people in the residence all attempted to run out the back door at the same time. Three were able to run some distance from the house but were quickly caught. The remaining nine individuals, including Person, fell to the ground near the door and were easily apprehended. Police found a large quantity of cocaine in plain view in the common areas of the residence, including crack cocaine in various stages of processing in the kitchen, and some weapons. No drugs were found on Person, and none of the suspects were checked for drug residue because a water pipe had burst in the process, leaving them all wet. There was no fingerprint evidence on any of the drug packages or weapons.
After the State rested, one of Person's codefendants moved for a judgment of acquittal, arguing that the State had not presented sufficient evidence of constructive possession as to any of the defendants. Person's counsel adopted the motion. Noting that this was a "very close case," the trial court denied the motion. The jury found Person and his three codefendants guilty as charged.
On appeal, Person argues that the State failed to present a prima facie case of constructive possession of the cocaine found in the residence. The definition and elements of constructive possession are summarized in the Florida Standard Jury Instructions in Criminal Cases 25.10, which the trial court read to the jury:
Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing [and] (2) knowledge that the thing was within the person's presence. . . . [[1]]
Thus, the State was required to prove that Person was able to exert control over the cocaine and knew that the cocaine was in his presence. Because Person does not address the knowledge element on appeal, we will limit our discussion to the control element. Person properly frames his argument in terms of whether the motion for judgment of acquittal should have been granted, thus allowing the issue of control to go to the jury. See Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999) ("Whether a defendant had dominion and control over contraband is generally a fact issue for the jury, but a judgment of acquittal is proper when there is no evidence from which dominion and control can be inferred.").
One general principle applicable to possession cases is that "[m]ere proximity to contraband is not enough to establish dominion and control." Id. Instead, "the evidence must establish the defendant's conscious and substantial possession, as distinguished from mere involuntary or superficial possession, of the *1273 contraband." Id. Furthermore, because any possession on the part of Person would have been nonexclusive, given that twelve people were in the residence, the control element cannot be inferred but must be established by independent proof. See Green v. State, 667 So.2d 208, 211 (Fla. 2d DCA 1995).
Our review of the record compels us to conclude that the State presented no evidence that Person had control over the cocaine. Because there was no evidence that Person was the owner or an occupant of the residence, the court could not infer that he had the ability to control the cocaine simply because it was in plain view in the common areas of the residence. Compare Taylor v. State, 319 So.2d 114, 116 (Fla. 2d DCA 1975) (holding that circumstantial evidence of guilt emanating from the defendant's proximity to illicit drugs in plain view was equally susceptible to the reasonable hypotheses that the defendant was a mere visitor and that the drugs were in the possession and control of the owner or other occupant of the premises), with Brown v. State, 428 So.2d 250, 252 (Fla. 1983) (holding that proof of the discovery of illegal drugs in plain view in the presence of two or more joint occupants of the premises is sufficient to support a conviction for constructive possession).
Indeed, the only evidence concerning Person presented by the State was (1) that the surveilling officer never saw Person enter the house, (2) that Person stepped outside to see off a "visitor," and (3) that he was in the pileup of nine people attempting to simultaneously flee through the back door when the SWAT team broke in. The first two items of evidence, along with the presence of cocaine throughout the common areas of the residence, lead to a reasonable inference that Person was in proximity to the cocaine. However, we conclude that the totality of the evidence fails to establish "conscious and substantial possession" and thus control. Although "[e]vidence of flight is relevant to infer consciousness of guilt where there is a sufficient nexus between flight and the crime with which a defendant is charged," Powell v. State, 908 So.2d 1185, 1187 (Fla. 2d DCA 2005), here there is no necessary connection between Person's attempt to run out the back door and any control he may have had over the cocaine. Person's and the others' flight can be explained by the distraction devices used by the SWAT team when it entered the residence, which created a scene of chaos according to one of the testifying officers. At worst, Person's flight can be taken as evidence that he was aware of the illegal activity taking place in the residence, but it does not necessarily imply that, among the twelve people in the house, he was able to exert control over the cocaine.
Because the State adduced no evidence that Person controlled the cocaine found in the residence and therefore failed to satisfy its burden of establishing a prima facie case of constructive possession, the motion for judgment of acquittal should have been granted as to Person. We therefore reverse Person's judgment and sentence and remand with instructions that he be discharged.
Reversed and remanded with instructions.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] In the published instructions, the numbered list has a third element"(3) knowledge of the illicit nature of the thing"based on Chicone v. State, 684 So.2d 736 (Fla.1996). See also Brown v. State, 428 So.2d 250, 252 (Fla. 1983) (listing three elements of constructive possession). At the charge conference, however, the trial court and parties discussed several variations on the jury instruction, and the court, over the defendants' objection, decided to omit the third element, based on section 893.101. In section 893.101(2), the legislature found that "knowledge of the illicit nature of a controlled substance is not an element of any offense under [chapter 893, Florida Statutes]." On appeal, Person does not contest the omission of the third element from the instructions read to the jury.