997 So.2d 480 (2008)
Mikel COTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-1097.
District Court of Appeal of Florida, First District.
December 16, 2008.
Richard Keith Alan, II, West Palm Beach, for Appellant.
Bill McCollum, Attorney General, and Shelly A.R. Chichester, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the records do not conclusively refute the appellant's second or third claims, we reverse. All other claims are affirmed without further discussion.
The appellant's second claim alleges that counsel failed to object to testimony about the appellant's being a drug dealer. The trial court's order and attachments fail to demonstrate that the testimony was provided to establish a material issue at trial. See Powell v. State, 908 So.2d 1185, 1188 (Fla. 2d DCA 2005). Furthermore, the attachments do not refute the appellant's claim that he was prejudiced by counsel's error.
The appellant's third claim alleges that his counsel was ineffective for failing to object to the prosecutor's improper closing statement about the appellant's truthfulness. The appellant's claim is facially insufficient because he failed to allege that the prosecutor's statements vitiated the entire trial. See King v. State, 623 So.2d *481 486, 488 (Fla.1993). In accordance with Spera v. State, 971 So.2d 754 (Fla.2007), we reverse and remand for the trial court to allow the appellant the opportunity to amend his facially insufficient claim within a reasonable period of time.
We, therefore, reverse the summary denial of the appellant's second and third claims of ineffective assistance of counsel and remand to the trial court to either attach record portions conclusively refuting the appellant's claim, allow the appellant the opportunity to amend his third claim, or for an evidentiary hearing. Should the trial court again summarily deny the claim, it should attach all pages of the record that conclusively refute the claim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BROWNING, C.J., KAHN and BENTON, JJ., concur.