TAYLOR, J.
Appellant Jason Santiago Rodriguez appeals his convictions and sentences for burglary of an occupied dwelling with assault or battery, kidnapping, and robbery. He contends that the trial court erred in (1) denying a motion for mistrial based on the victim’s use of the phrase “mug shots” when referring to a photo lineup and (2) admitting the prior consistent statement made by the co-defendant to the police. Because appellant failed to object when the victim first described the photos as “mug shots,” and the trial court sustained appellant’s objection to the victim’s second reference to “mug shots” and gave an appropriate curative instruction to the jury, we affirm on this point without further discussion. For the reasons explained below, we also affirm the trial court’s admission of the co-defendant’s prior consistent statement to the police.
The co-defendant, Nicole Ditullio, testified at trial and recounted how she and appellant entered the victim’s home after breaking a window. They were surprised by the victim, who returned home shortly after they arrived. Appellant ordered the victim to lie down on the floor in the living room and told her several times not to look at him. He then tied her legs with a computer cord and ransacked the home for about twenty minutes. Appellant and Ditullio took the victim’s purse, cash, jewelry, and pills. After they left, the victim managed to loosen the cord and called the police from her neighbor’s house.
Appellant and Ditullio were arrested. Ditullio gave a taped statement to Deputy Michael Tramonte of the Palm Beach County Sheriffs Office, which was consistent with her trial testimony. Before trial, she entered into a plea agreement with the state, which required her to serve four years in prison, followed by two years on probation, and to testify at trial.
During cross-examination, defense counsel questioned Ditullio about her agreement to testify against appellant in exchange for reduced sentences on lesser charges, noting particularly her avoidance of a life sentence. He also asked her about the effect of her drug usage on her ability to recall events and the fact that she was wearing the victim’s jewelry at the time of her arrest. At the end of cross-examination, defense counsel asked Ditul-lio if she had lied about anything to the *963 police. She replied, “I don’t think I lied, I think I was quite honest.”
Deputy Tramonte testified about his investigation at the burglary scene and his arrest and interview of Ditullio. When the state sought to introduce Ditullio’s entire taped statement, defense counsel objected on the ground of hearsay. The state responded that the defense’s cross-examination suggested that Ditullio had recently fabricated her testimony based on a plea deal she made with the state. Agreeing that the state offered the witness’s prior statement to rebut an implied charge of improper influence or motive, the trial court admitted it under section 90.801(2)(b), Florida Statutes (2009).
The standard of review for the trial court’s decision to admit a prior consistent statement is abuse of discretion. Tumblin v. State, 29 So.3d 1093, 1100 (Fla.2010). Prior consistent statements are generally inadmissible to bolster or corroborate a witness’s trial testimony, as the statements are usually hearsay. Id. To be admissible, the prior consistent statement must qualify as a hearsay exception, or otherwise meet the requirements of non-hearsay under section 90.801(2)(b). Bradley v. State, 787 So.2d 732, 743 (Fla.2001). Section 90.801(2)(b) provides that “[a] statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: ... (b) Consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication.” Both elements must be met in order to qualify as non-hearsay. Peterson v. State, 874 So.2d 14, 17 (Fla. 4th DCA 2004).
Here, all the above conditions were met: Ditullio testified at trial and was subject to cross-examination concerning the statement; her statement was consistent with her trial testimony, and it was offered to rebut the defense’s suggestion, on cross-examination, that her plea agreement to a reduced sentence improperly influenced her testimony at trial. Further, Ditullio’s statement was made prior to her plea agreement, which the defense implied provided a motive to falsify. See Anderson v. State, 574 So.2d 87, 92-93 (Fla.1991) (finding that a witness’s prior consistent statements were admissible to rebut defense counsel’s suggestion that she fabricated her trial testimony after negotiating a favorable plea); Kellam v. Thomas, 287 So.2d 733, 734 (Fla. 4th DCA 1974) (explaining that the corroborating consistent statement must be shown to have been made prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify).

Affirmed.

WARNER and MAY, JJ., concur.