WARNER, J.
Saint Remy Ylomon appeals from his conviction for possession of cocaine with intent to sell or deliver, possession of cannabis, possession of drug paraphernalia, and resisting arrest without violence. He claims that the state failed to present any *19 evidence of his ability to exert control over the drugs, thus precluding his conviction for possession. We agree and reverse. As to his conviction for resisting arrest, we affirm because the issue he raises on appeal was not preserved at trial.
Members of a Broward County SWAT team executed a search warrant on an apartment in the county. The search warrant had been obtained based upon evidence that Derrick Akins had sold drugs to a confidential informant from that address. After two SWAT members broke down the door, the lead SWAT member entered the apartment and observed two males sitting on a couch in front of a coffee table. One was the co-defendant Hayvert Walters. The detective identified the other person as the appellant Ylomon. Ylo-mon jumped up and fled out the back of the house. The detective yelled “runner” to SWAT team members outside. One pursued Ylomon, who was eventually captured in a home around the corner from the apartment.
When the investigating detective entered the apartment after the SWAT team had secured it, he saw a coffee table and, in plain view, a pill bottle wrapped in black electrical tape. There was also a clear plastic baggie with smaller, individual prepackaged baggies of powder cocaine that were in plain view on the table, as well as a large bag with smaller prepackaged baggies of marijuana on the floor. No evidence was seized from the apartment showing any connection to Ylomon, and the state did not present anything at trial to show that he was an occupant.
The defense moved for a judgment of acquittal, contending that the state had failed to prove constructive possession. The state argued that the drugs were in ready reach of Ylomon. The trial court denied the motion, and the jury convicted Ylomon as charged, prompting this appeal.
On appeal, Ylomon argues that the state failed to prove a prima facie case of constructive possession of the drugs, because the state proved only that he was sitting on a sofa in close proximity to controlled substances and paraphernalia which were in plain view. He argues that this was not enough to show that he had the ability to exercise dominion or control over these substances. We agree.
Where the state prosecutes a defendant for possession of drugs on a constructive possession theory, the state must prove that the defendant had: “(1) dominion and control over the contraband, (2) knowledge the contraband was within his presence, and (3) knowledge of the illicit nature of the contraband.” Lee v. State, 835 So.2d 1177, 1178 (Fla. 4th DCA 2002). The defendant’s knowledge and control can be presumed where defendant has exclusive possession of the premises where the contraband is found. See Brown v. State, 428 So.2d 250, 252 (Fla.1983). ‘Where, however, the premises are in the defendant’s and another’s joint possession, knowledge of the contraband’s presence and the defendant’s ability to control the same will not be inferred and must be established by independent evidence.” Edmond v. State, 963 So.2d 344, 346 (Fla. 4th DCA 2007). Mere proximity to the contraband is insufficient to establish dominion and control. See Person v. State, 950 So.2d 1270, 1272 (Fla. 2d DCA 2007).
In this ease, all the state proved was mere proximity to the contraband, which is insufficient to establish the defendant’s control over the drugs. No evidence connected Ylomon to the residence at all. He was not shown to have been an owner or even an occupant of the premises. The detectives at the scene did not testify that Ylomon had actual possession of any of the drugs, nor did they test the packaging to ascertain whether his fingerprints were on *20 any of the packaging. Thus, no evidence was presented from which the state could infer that the defendant had the ability to exercise control over the drugs.
This case is nearly identical to Person v. State. In Person, as in this case, a SWAT team entered a residence to execute a search warrant. Contraband was observed in plain view in the common areas of the residence. Various people in the residence, including Person, fled the scene. No evidence connected Person with the premises, and no fingerprints were found on the drug packaging. The Second District held that, even if knowledge of the contraband could be proved, the evidence was insufficient to prove dominion and control.
The Second District also explained that Person’s flight was insufficient to prove that Person had dominion and control:
Although “[e]vidence of flight is relevant to infer consciousness of guilt where there is a sufficient nexus between flight and the crime with which a defendant is charged,” Powell v. State, 908 So.2d 1185, 1187 (Fla. 2d DCA 2005), here there is no necessary connection between Person’s attempt to run out the back door and any control he may have had over the cocaine. Person’s and the others’ flight can be explained by the distraction devices used by the SWAT team when it entered the residence, which created a scene of chaos according to one of the testifying officers. At worst, Person’s flight can be taken as evidence that he was aware of the illegal activity taking place in the residence, but it does not necessarily imply that, among the twelve people in the house, he was able to exert control over the cocaine.
Id. at 1273.
We relied on Person in Edmond v. State, also under similar facts. There, police executed a search warrant on a home and found Edmond trying to hide inside. He attempted to flee when found. Close by him, the police discovered contraband. We held that the evidence was insufficient to prove knowledge and control of the contraband. Specifically, we also held that Edmond’s flight was insufficient to prove constructive possession, citing to Person and Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988).
Because the state failed to prove constructive possession of the contraband, defendant’s motion for judgment of acquittal should have been granted. We thus reverse and remand for the court to vacate his conviction and sentence on these charges. We affirm, however, his conviction for resisting arrest, as the appellant failed to preserve the issue raised on appeal. See Archer v. State, 613 So.2d 446, 448 (Fla.1993).

Affirmed in part; reversed in part and remanded to vacate his convictions, except for resisting arrest.

POLEN and CONNER, JJ., concur.